IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 9, 2014

## STATE OF TENNESSEE v. FREDERICK LEON TUCKER

**Appeal from the Criminal Court for Davidson County**
**No. 2003A492    Monte Watkins, Judge**

**No. M2013-01077-CCA-R3-CO - Filed May 14, 2014**

Petitioner, Frederick Leon Tucker, sought a writ of error coram nobis. The hearing court found there were no due process concerns which would entitle petitioner to relief and dismissed the petition as not being filed within the applicable statute of limitations. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE H. WALKER, III, SP.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Jennifer Jessica Hall, Nashville, Tennessee, for the appellant, Frederick Leon Tucker.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle Consiglio-Young, Assistant Attorney General; and Victor S. Johnson, III, District Attorney General, for the appellee, State of Tennessee.

## OPINION

Petitioner was convicted by jury of rape of a child, a Class A felony. As a result, he received a sentence of twenty-one years. The conviction was affirmed on appeal. *State v. Frederick Leon Tucker*, No. M2005-00839-CCA-R3-CD, 2006 WL 547991 (Tenn. Crim. App. Mar. 7, 2006). As stated in the opinion:

At trial, the victim's testimony clearly established that the defendant penetrated the inside of her buttocks with his penis when she was eight years old. The victim clearly described the circumstances of the rape and specifically identified the area of physical contact between her and the defendant. In addition, the victim's testimony was corroborated by the testimony of the victim's father and Dr. Sanger. Both witnesses testified that the victim told them the defendant placed his private part inside her butt. Furthermore, the victim's testimony concerning her rape was corroborated by DNA testing of the defendant's sperm, which was taken from the victim's anal region. Therefore, the evidence overwhelming supports the defendant's conviction and this issue is without merit.

*Id.* at *5.

Petitioner sought post-conviction relief. After a hearing, post-conviction relief was denied. The finding was affirmed on appeal. *See Frederick Tucker v. State*, No. M2007-00681-CCA-R3-PC, 2008 WL 2743644 (Tenn. Crim. App. July 14, 2008). Petitioner has sought habeas corpus relief, which was denied. *See Frederick Leon Tucker v. Michael Donahue, Warden*, No. 3:13-cv-0681, 2013 U.S. Dist. LEXIS 114841 (M.D. Tenn., Aug. 14, 2013).

Petitioner filed the instant petition for writ of error coram nobis on November 8, 2012. Counsel was appointed and, after a hearing, the writ was denied. The hearing court found there were no due process concerns which would entitle Petitioner to relief and dismissed the petition as not being filed within the applicable statute of limitations.

**ANALYSIS**

Tennessee Code Annotated section 40-26-105 provides as follows regarding the writ of error coram nobis in criminal proceedings:

Writ of error coram nobis.(a) There is made available to convicted defendants in criminal cases a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith. Notice of the suing out of the writ shall be served on the district attorney general. No judge shall have authority to order the writ to operate as a supersedeas. The court shall have authority to order the person having custody of the petitioner to produce the petitioner in court for the hearing of the proceeding.(b) The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the

nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

T.C.A. § 40-26-105 (2010).

A petition for writ of error coram nobis must usually be filed within one year after the judgment becomes final. *See* Tenn. Code Ann. § 27-7-103; *State v. Mixon*, 983 S.W.2d 661, 670 (Tenn. 1999). It has been determined that a judgment becomes final, for purposes of coram nobis relief, thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely filed post-trial motion. *Mixon*, 983 S.W.2d at 670. The parties do not dispute that the petition for writ of error coram nobis in the case herein was filed outside of the applicable statute of limitations. Petitioner contends that due process requires that the statute of limitations for filing his petition for writ of error coram nobis be tolled. This court finds no due process concerns which would entitle petitioner to relief.

Petitioner alleges that the evidence and testimony of Pamela Scretchen's forensic interview with the victim was not presented at trial or at his post-conviction hearing, denying him due process. At the error coram nobis hearing, Petitioner testified that before trial he knew about and had access to Ms. Scretchen's forensic interview of the victim and the report which he now wishes to introduce. Petitioner discussed with his original trial counsel the issue of calling Ms. Scretchen at trial. His counsel did cross-examine the victim regarding the interview with Ms. Scretchen. The petitioner had received a copy of Ms. Scretchen's report in the discovery response and was aware of the information prior to both trial and post-conviction proceedings. He admits that he raised the same issues in the post-conviction hearing as he is raising in his petition for writ of error coram nobis. Petitioner admitted before the original trial he was aware of the discrepancies that he claims exist between what the child said to Ms. Scretchen and what the child testified to at trial.

It was presented at the error coram nobis hearing that the Ms. Scretchen would testify contrary to the child about the issue of penetration. As stated in the brief of the petitioner: "It was alleged by the State and determined by the jury that the petitioner anally penetrated the victim on the night of December 25, 2002, when his penis went inside her anus. But in direct contradiction of the occurrence of an anal rape, Ms. Pamela Scretchen of the Nashville Child Advocacy Center reported that in a February 2003 forensic interview with the victim, the victim told her that the petitioner's penis was only 'on top' of her buttocks and not 'inside'

her buttocks."

However, a review of the Forensic Interview of February 12, 2003, shows otherwise. The 8-year-old victim reported that the petitioner "put the cover off of me and he pull my pants down and he put his dick in my butt. . . ." When asked where [Petitioner] was when he put his dick in her butt she wrote "on the couch." The victim was then asked to show how Petitioner touched her using anatomical dolls. It was during this demonstration that the victim used the phrase "on top." Quoting from the report: "She demonstrated the male doll pulling the pants and underwear down. [The victim] put the male doll's penis on top of the buttock of the female doll. When asked if his 'dick' went on top or inside, she said, 'On top.'" Later in the report, the victim stated that Petitioner had done the same thing on another occasion. Quoting from the report: "She reported that [Petitioner] did the 'same thing.' When asked if [Petitioner] touched on top or inside of her 'butt,' she said, 'Inside.' When asked to describe what she felt, she wrote, 'Not good.'"

As noted by the coram nobis court in its opinion, both trial defense counsel and assistant district attorney questioned the victim regarding the interview whether the Petitioner's private part touched her "inside her butt" or "on top." Petitioner has failed to show a due process issue to toll the statute of limitations and has failed to show the proffered

testimony is newly discovered evidence, or "may have resulted in a different judgment had the evidence been admitted at the previous trial." *Hart*, 911 S.W.2d at 374-75. As stated in the opinion affirming Petitioner's rape conviction, the evidence of Petitioner's guilt was overwhelming. Therefore, we conclude that there was no error in the judgment of the coram nobis court.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____

JOE H. WALKER, III, SPECIAL JUDGE